Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Attorney for Plaintiff Keith Fricke*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Keith Fricke,<br><br>　　　　　　Plaintiff,<br>v.<br><br>The Hertz Corporation,<br><br>　　　　　　Defendant. | Case No.: 2:20-cv-00038-RFB-VCF<br><br>**Stipulation for Plaintiff to file a second amended complaint** |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Keith Fricke ("Plaintiff") and The Hertz Corporation ("Defendant") (jointly as the "parties"), by and through their respective counsel, hereby submit this stipulation for Plaintiff to file his second amended complaint, a copy of which is attached hereto as Exhibit A.

Plaintiff filed his original complaint on December 2, 2019, in the Eighth Judicial District Court, Clark County, Nevada. ECF No. 1-1. This case was removed to this Court on January 8, 2020. ECF No. 1. On January 15, 2020, Defendant moved to dismiss the complaint. ECF No. 7. Plaintiff amended as a matter of right on January 29, 2020. ECF No. 9. Defendant filed the pending motion to dismiss the amended complaint on February 12, 2020. ECF No. 10. Plaintiff filed his response

to the motion on March 20, 2020, as well as a motion for leave to file his second amended complaint to add a new cause of action. ECF Nos. 14, 15.

In consideration of the foregoing, and for good cause, IT IS HEREBY STIPULATED as follows:

(1) Plaintiff shall immediately file and serve the second amended complaint attached hereto as Exhibit A;

(2) Defendant's responsive pleading shall be due on May 4, 2020;

(3) Plaintiff shall have 30 days to file his response to Defendant's motion to dismiss, if any, and Defendant shall have 30 days to file a reply; and

///
///
///

(4) Assuming Defendant files a motion to dismiss the second amended complaint, Plaintiff will not request or seek leave to file another amended complaint before the Court issues a ruling on Defendant's motion to dismiss the second amended complaint.

Dated: April 7, 2020.

**KIND LAW**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Counsel for Keith Fricke*

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

/s/ Brian D. Blakley
Brian D. Blakley, Esq.
3993 Howard Hughes Parkway, Suite 600
Las Vegas Nevada, 89169
*Counsel for The Hertz Corporation*

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED this 8th day of April, 2020.

# EXHIBIT A

Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Attorney for Plaintiff Keith Fricke*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Keith Fricke,<br><br>Plaintiff,<br><br>v.<br><br>The Hertz Corporation,<br><br>Defendant. | Case No.: 2:20-cv-00038-RFB-VCF<br><br>**Second Amended Complaint for damages and injunctive relief**<br><br>**Jury Trial Demanded** |

## Introduction

1. Since 2004, same-sex marriage has expanded throughout the United States, through various state court rulings, state legislation, direct popular votes, and federal court rulings.

2. Decided on June 26, 2015, *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015) requires all states to recognize same-sex marriages validly performed in other jurisdictions. This, and other rulings by the Supreme Court of the United States recognize marriage as a fundamental right that is guaranteed

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

1     by both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

3. The ruling of the Supreme Court in *Obergefell* occurred following decades of consistently rising national public support for same-sex marriage in the United States, with support continuing to rise thereafter.

4. The establishment of same-sex marriage is associated with significant improvements to hundreds of thousands of Americans' way of life, including, among other things, a significant reduction in the rate of attempted suicide in the U.S.

5. This Complaint arises out of unlawful and deceptive actions committed by The Hertz Corporation ("Hertz" or "Defendant"), causing harm to Keith Fricke ("Plaintiff"), in September 2019.

6. Defendant unlawfully discriminated against Plaintiff, in violation of NRS 651.070, intentionally, or recklessly, inflicted Plaintiff with emotional distress, and violated multiple provisions of NRS 598 (Nevada's deceptive trade practices act) against Plaintiff, when Defendant repeatedly refused to recognize Plaintiff's marriage.

7. Plaintiff seeks injunctive relief, actual damages, consequential damages, and punitive damages in an amount sufficient to punish Defendant and to deter others from like conduct, and attorneys' fees and costs.

**Jurisdiction**

8. Plaintiff filed this case in the Eighth Judicial District Court, Clark County, Nevada and asserts that that court has jurisdiction to hear this case:

9. Plaintiff is a resident of Ohio but at all times relevant was visiting Clark County, Nevada.

10. Defendant is a corporation doing business in Clark County, Nevada.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

11. The parties' relationship arose out of a car rental from the McCarran Rental Car Center at McCarran International Airport in Las Vegas.

12. Plaintiff alleged that the Eighth Judicial District Court, Clark County, Nevada has personal jurisdiction over both Plaintiff and Defendant and subject matter jurisdiction pursuant to Article 6, Section 6 of the Nevada Constitution and NRS 4.370.

13. Plaintiff agrees that this Court has jurisdiction to hear this case.

### Parties

14. Plaintiff is an individual and a resident of Cincinnati, Ohio who is, and at all times relevant was, married to Dominick Rich.

15. Hertz is a car rental company.

16. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant, acting by and through their agents and employees. Said acts and failures to act were within the scope of said agency and/or employment, and Defendant ratified said acts and omissions.

### General allegations

17. In this action, Plaintiff does not seek to enforce any agreement with Defendant.

18. Plaintiff did not enter any agreement with Defendant relevant to this case.

19. Whether or not Plaintiff could have been charged as an additional driver is not material to this action.

20. Instead, in this case, Plaintiff claims that Defendant should not have misrepresented Plaintiff's rights, the law, the facts, or discriminated against Plaintiff, as further detailed in this complaint.

## Factual allegations

21. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced.

22. In September 2019, Plaintiff and his husband flew to Las Vegas and went to rent a car at the airport's Hertz kiosk, a "place of public accommodation," under NRS 651.

### Defendant refused to recognize Plaintiff's spouse because according to Hertz: "Nevada does not recognize same-sex marriage"

23. At the desk, Defendant attempted to charge Plaintiff a fee to be an additional driver for his husband's rental.

24. When Plaintiff explained that he was married, Defendant's agent made discriminatory and offensive comments about same-sex marriage, including (incorrectly) that same-sex marriage is not legal in Nevada and that Nevada does not recognize same-sex marriage.

25. Defendant's agent rudely said that a married man and woman would not have to pay, but that did not apply to Plaintiff's marriage since it was not recognized in Nevada.

26. Plaintiff was humiliated and insulted by Defendant's ignorant and discriminatory statements.

27. Throughout the trip, Plaintiff did not drive the car.

### Defendant continues to refuse to recognize Plaintiff's marriage and other misrepresentations by Defendant

28. After returning home, Plaintiff had a series of calls and email conversations with Defendant to explain what had happened and to receive an explanation for the discriminatory and humiliating way in which he was treated.

29. In repeated emails, including in October 2019 from Defendant's "Executive Customer Service," Defendant continued to refuse to recognize Plaintiff's marriage and repeatedly referred to the couple as "domestic partners" because "A Domestic partner is defined as a partner of the same or opposite sex (not a relative) who permanently resides at the same address as the primary renter," even after multiple corrections by Plaintiff.

30. Defendant repeatedly refused to acknowledge his marriage because of Plaintiff's sexual orientation.

31. Defendant also knowingly made other misrepresentations in its emails.

### Plaintiff's damages

32. As a result of Defendant's actions and failures to act, Plaintiff has suffered actual and consequential damages, and is entitled to recover actual, consequential, and punitive damages, each in an amount to be determined at trial, as well as attorney's fees and costs.

33. Among other things, Plaintiff seeks damages for emotional distress and mental anguish caused by Defendant's abusive and humiliating misrepresentations and discriminatory statements.

34. In addition, Plaintiff seeks injunctive relief, barring Defendant from similar discriminatory conduct in the future.

35. Defendant is in the business of providing rental car services to consumers, is familiar with the business and applicable law, and acted willfully and recklessly when it repeatedly made discriminatory, false, misleading, and deceptive representations to Plaintiff. Plaintiff is accordingly entitled to punitive damages.

## First Cause of Action

### Discrimination – NRS 651.070

36. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

37. Since at least 2009, it has been unlawful for places of public accommodation to discriminate based on sexual orientation in Nevada. NRS 651.070

38. The statute states: "All persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation, without discrimination or segregation on the ground of race, color, religion, national origin, disability, sexual orientation, sex, gender identity or expression."

39. Defendant's actions were in violation of NRS 651.070, by depriving him of the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations it offers based on Plaintiff's sexual orientation.

40. Plaintiff suffered emotional distress, mental anguish, felt humiliated and intimidated, and suffered other injuries to his dignity, in an amount to be determined at trial, as a result of Defendant's violations.

## Second Cause of Action

### Deceptive Trade Practices – NRS 598

41. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

42. Defendant violated numerous provisions of NRS 598. Thus, Plaintiff is entitled to remedies under NRS 41.600.

### Violations of NRS 598.0915

43. NRS 598.0915 states: A person engages in a 'deceptive trade practice,' if in the course of his or her business occupation, he or she . . . Makes false or

misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions [or] Knowingly makes any other false representation in a transaction." NRS 598.0915(13), (15).

44. Defendant violated NRS 598.0915 when it knowingly misrepresented Plaintiff's rights (Defendant was not allowed to discriminate), the facts (Plaintiff was married), the law (Nevada recognizes same-sex marriage), and by making other misrepresentations and conducting the deceptive actions described above.

**Violations of NRS 598.092**

45. NRS 598.092(8) prohibits knowingly misrepresenting the legal rights, obligations or remedies of a party to a transaction.

46. Defendant violated NRS 598.092 when it knowingly misrepresented Plaintiff's rights or remedies, including, among other things, to be treated equally, and Defendant's obligations, including, among other things, not to misrepresent the law, or the facts, or to discriminate based on sexual orientation, or to make other misrepresentations or conduct unfair or deceptive actions, as alleged in this complaint.

**Violations of NRS 598.0923**

47. NRS 598.0923(3) states that a person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly "Violates a state or federal statute or regulation relating to the sale or lease of goods or services."

48. NRS 598.0923(4) states that a person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly "Uses coercion, duress or intimidation in a transaction."

49. Defendant violated NRS 598.0923 when it knowingly discriminated against Plaintiff based on his sexual orientation, in violation of Nevada law, in a manner that amounted to coercion, duress, and intimidation.

**Remedies Under NRS 41.600(3) for Violations of NRS 598**

50. NRS 41.600(1) states that an action may be brought by any person who is a victim of consumer fraud.
51. NRS 41.600(2) defines "consumer fraud" as a "deceptive trade practice" as defined in NRS 598.0915 to NRS 598.0925.
52. Plaintiff is entitled to recover his actual and consequential damages pursuant to NRS 41.600(3)(a) in an amount to be determined at trial.
53. Plaintiff is entitled to declaratory relief and an injunction pursuant to NRS 41.600(3)(b), as requested herein.
54. Plaintiff is also entitled to recover his reasonable attorneys' fees and costs pursuant to NRS 41.600(3)(c).
55. Defendant's conduct was oppressive, malicious, and fraudulent, such that an award of punitive damages is justified in order to punish Defendant and deter others from like conduct.

**Third Cause of Action**

**Intentional infliction of emotional distress**

56. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraph.
57. Defendant acted with extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff.
58. As a result of Defendant's conduct, Plaintiff suffered severe and extreme emotional distress by being subjected to Defendant's extreme and outrageous conduct.

59. Defendant's conduct is the actual and proximate cause of Plaintiff's emotional distress.
60. Defendant's conduct was oppressive and malicious, such that an award of punitive damages is justified in order to punish Defendant and deter others from like conduct.
61. As a result of Defendant's conduct, Plaintiff has been required to hire an attorney and will seek to recover his reasonable attorneys' fees, under NRS 18.010 or as otherwise allowed by law, and costs.

### Prayer for relief

62. Plaintiff respectfully requests that Plaintiff be granted the following relief:
    - Actual damages in an amount to be determined at trial;
    - Consequential damages in an amount to be determined at trial;
    - Punitive damages in an amount to be determined at trial;
    - Injunctive relief, barring Defendant from similar discriminatory conduct in the future;
    - Attorneys' fees and costs; and
    - Any other relief the Court may deem just and proper.

///
///
///

**TRIAL BY JURY**

63. Pursuant to the seventh amendment to the Constitution of the United States of America and the Constitution of the State of Nevada, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March ____, 2020.

                                              Respectfully submitted,

                                              **KIND LAW**

                                              /s/ Michael Kind
                                              Michael Kind, Esq.
                                              8860 South Maryland Parkway, Suite 106
                                              Las Vegas, Nevada 89123
                                              *Attorney for Plaintiff Keith Fricke*